116 F.3d 488
 79 A.F.T.R.2d 97-3186, 97-2 USTC P 50,527
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VENDOR SURVEILLANCE CORPORATION, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
VENDOR SURVEILLANCE CORPORATION, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 96-55261, 96-55311.
 United States Court of Appeals, Ninth Circuit.
 June 12, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-93-00573-LHM-EEx, D.C. No. CV-93-00573-LHM; Linda H. McLaughlin, District Judge, Presiding.
 Before BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals from an award of fees under 26 U.S.C. § 7430. We review for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559-63 (1988).
 
 
 3
 The underlying litigation arose when the IRS determined that workers paid by Vendor Surveillance Corp. (VSC) to perform inspections for its clients were not independent contractors, as the company had claimed. Instead, the IRS, relying on 20 common law factors, see Rev.Rul. 87-41, 1987-1 C.B. 296 (listing factors for. determining employee status), decided the VSC workers were employees. It assessed employment taxes and VSC sued.
 
 
 4
 At trial, the IRS presented evidence pertaining to the 20 factors. Apparently concerned that its case was not going well--after VSC presented evidence that the workers were controlled by its clients--the IRS changed tacks, arguing that VSC was a "statutory employer." See 26 U.S.C. § 3401(d)(1) (the "person having control of the payment of ... wages" is an employer).
 
 
 5
 At the close of evidence, the district court denied VSC's motion, under Rule 50 of the Federal Rules of Civil Procedure, for a directed verdict. The jury (using the same 20 factors considered by the IRS) decided in VSC's favor. The district court then adopted VSC's proposed findings of fact,[1] decided that the IRS' position was not substantially justified, and awarded fees.
 
 
 6
 A prevailing party is generally entitled to fees unless the government's position is substantially justified. 26 U.S.C. § 7430(c)(4)(i). That means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierce, 487 U.S. at 565.
 
 
 7
 Here, the government had reasonable cause to believe that the VSC workers were employees. Of the 20 factors, 11 supported this finding, while only 4 pointed the other way. The court's failure to grant VSC's motion for judgment as a matter of law, while not dispositive, suggests the IRS had a reasonable basis in fact and law for bringing the case. See Acosta v. City and County of San Francisco, 83 F.3d 1143, 1145 (9th Cir.1996), cert. denied, 117 S.Ct. 514 (1996) (court may grant Rule 50 motion only where the evidence, construed in the light most favorable to the non-moving party, compels one conclusion). The IRS' decision to change theories reflects its view that things weren't going well for it at trial, not that its position lacked substance. The case is not unlike Wilfong v. Commissioner, 991 F.2d 359, 369 (7th Cir.1993) (reversing where court denied taxpayer's motion for directed verdict and then found the IRS' position not substantially justified). Although Wilfong hinged on credibility determinations, this case too required weighing of evidence by the jury.
 
 
 8
 It was an abuse of discretion for the district judge to find the IRS' position was not substantially justified.
 
 REVERSED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district judge adopted, without change, all of VSC's proposed findings on the question of justification. See United States v. State of Washington, 641 F.2d 1368, 1371 (9th Cir.1981) (verbatim adoption of proposed findings of fact is disfavored and calls for close scrutiny by an appellate court)
 
 
 [2]
 VSC cross-appeals, claiming its attorneys are entitled to more than the $75 per hour prescribed by 26 U.S.C. § 7430(c)(1)(B)(iii) because of their expertise in tax litigation and worker classification cases. Because we reverse the fee award, we do not reach this issue